Laubie, J.
This cause is here upon appeal, and has been submitted *481 to the court upon the pleadings and evidence, for the pur ■ pose of obtaining a mandatory injunction to compel The Telephone Company to remove a pole and wires from a street, known as Lundy street,' adjoining the premises of the plaintiffs in the city of Salem; the store room and buildings of the plaintiffs being on the northeast corner of Main and Lundy streets.
This case presents the question of the placing of telephone poles and wires upon a street of a municipality, and not upon a highway in the country. The two are entirely dissimilar with respect to the rights of adjoining proprietors. In the highways in the country the owner of the land from whom the highway is obtained retains the legal title. He not only retains the legal title, but the right to all uses of the land, within the limits of the highway, which are not inconsistent with the right of passage in the public —the only right which the public acquire, including, of course, the right to make the highway suitable for such passage. He may cultivate it, plant trees, and do anything that he chooses in the way of its use which is not inconsist ent with, and does not obstruct, public travel; but no other person, or company, has the right so to use it, or to dig holes in it and plant poles therein for telephone purposes, without his consent, any more than such person or company could plant fruit trees to raise fruit for sale,
No such right exists, however, in the original owner of the fee in a street of a municipality. There,, the dedication or appropriation, is to the public for streets and pavements; and the legal title passes to and vests in the municipality; and the statute of the state requires the municipality to take charge and control of them, to keep them in repair,and free from obstruction and nuisance. The ownership, management and control is thus placed exclusively in the hands of the municipality; and no one has a right to do upon the streets or pavements of a municipality what he may rightfully do as owner of the legal title in a highway in the country. The city of Salem had the right, therefore, to grant the use of the streets to the defendant company for the erection of its poles, with wires for the transmission of messages, in such a manner, and to such an extent, as would not substantially interfere with the rights of the adjoining *482 owners therein, to-wit; the right to air and light, and of free ingress and egress to and from their premises.
The telephone is a new method of transmitting messages, and that is all. Before its invention, such transmission from one part of a town to another part, was by messenger on foot or horseback, or in vehicle. Now it is done by telephone through, and by force of electricity upon the wires, It is simply a new method adopted for the exercise of an old, well established and legitimate use of streets. In this respect it is like the case of the conveyance of passengers. Instead of the old method of vehicles drawn by horses,they are now conveyed by cars on rails laid in the streets, with electricity as the propelling power, transmitted through wires on poles in the streets; and the adjoining lot owner, although he originally owned the legal title to one half of the street, or the whole of it, has no right to complain, and no remedy, unless it interferes substantially in his use of his property in the way of ingress and egress or of light and air. We regard this in the same light as that, and that no right could be exercised upon the part of, or vested in, the owner of this adjoining lot to restrain the company from putting up its poles and wires in the street, unless it created some substantial injury to his property by the obstruction of egress and ingress, or of light and air. Indeed Jehu Fawcett, the ancestor of the plaintiffs, never was the owner, and never had the legal title to the land covered by Lundy street opposite these premises. He bought but one half the lot in question; a lot in Samuel Davis’ first addition to the city of Salem, and Lundy street was not laid out upon it, nor then in existence. The east half of that lot was purchased by Fawcett, and he erected a building upon it, facing Main street on the south, and according to the testimony of Mr. Hunt, who was the only one who spoke about'the ¡facts as they existed in those early days, the original frame house stood eastward of the line of Fawcett’s half of the lot, He had a door on the west toward the back of this house, leading out apparently upon his own land. Subsequently Davis laid out a second addition, adjoining the first addition on the north, with Lundy street deleniated upon it to its intersection with Green street, a street running east and west along the north line of the *483 first addition-; and while people on foot and with teams were in the habit of travelling over the intervening space, Lundy •street was not laid out between Green and Main streets un- ■ til afterwards.
In 1834 Davis deeded such intervening space to the village of Salem for street purposes,-and the village projected and opened Lundy street from Green to Main street, and over the west half of the lot in Question. Thereafter Fawcett built the present brick store house and extended it as far west as his west line and the east line of Lundy street. So that whatever might be the result of the disposition of the legal title, or of the property within that street, as •claimed by counsel for plaintiff, in case it was ever vacated, it is clear that the legal title never vested in Fawcett, nor in any of his subsequent successors in title. We need not, therefore, bother ourselves about, nor attempt to decide the proposition of, where the property would go, or the legal title to it, in case Lundy street should be vacated. It is •clear that the legal title never vested in these plaintiffs or their predecessors in title; and if it had it would not change our holding in this case.
The only conclusion that we can arrive at under the testimony is, that there has been no substantial injury to the parties plaintiff by the erection of this pole with the wires,as they now are. There is no substantial injury shown to the ingress and egress of the property, or to the plaintiff’s right to light or air. And for that reason this case will be dismissed.
Of course it is disposed of solely upon the testimony as now offered — the condition of affairs as they now exist. If the telephone company should hereafter make such changes, •or additions, as would substantially interfere with the enjoyment of the property of the plaintiffs, either in the obstruction of ingress and egress to the property, or of the light or air, then a remedy would acprue to them; but,under the circumstances of this case as they now are, they do not show any substantial injury in either of those regards, and hence no right to the injunction asked for can be granted.
There is matter included in the general statement, as to which, perhaps, a definite statement had better be made. The right of ingress and egress is not confined simply to the *484 surface of the land, or to a surface door. It applies equally to doors above the surface through which merchandize packages are taken; such as plaintiffs have in the second and third stories of their building facing Lundy street. The evidence does not disclose any substantial injury to the use of these doors, or interference therewith. The distance between the wires as now strung, and those doors, is sufficient to take up any ordinary package free and clear of the wires. If the telephone company should, by placing wires near to these doors, interfere with the lifting and conveying of merchandise in packages, or other things, to the floor above, that would be a matter for future consideration. It appears that these doors are flush with the out-wall and open outward — nut into the open air. The defendants put a wire there that interfered somewhat with the opening of the upper door, but that was taken away, and now the way seems to be clear for taking anything desired into or out of the door and no substantial interference with plaintiff’s rights, in that regard now exist.
Carey & Mullins, for Plaintiffs.
G. 8. Walton, A. H. Clark and W. G. Wells, for Defendants.
The petition will be dismissed.